JOHN JOHNSON v. FRANK B. SPEAR.

[See 76 Mich. 139.]

*Negligence—Pleading—Evidence.*

1. This case is ruled, as to the main question, by the former decision, found in 76 Mich. 139.
2. The testimony of a witness given on the first trial of a negligence case was read to the jury on the second trial, in which

he gave his opinion on a certain point based upon facts testified to by the plaintiff, from whose examination on the second trial it appeared that he testified to the same state of facts on both trials. And it is held that an objection that the jury had no means of knowing what the testimony was upon which the opinion was based is not well taken.

8. The declaration in a negligence case alleged that the relation of master and servant existed between the parties, and plaintiff's right of recovery was based upon that theory. In setting aside a verdict and judgment in favor of the defendant, the Supreme Court held that such relation did *not* exist, and pointed out the *real* relation of the parties, the *duty* of the defendant, and the *grounds* upon which plaintiff was entitled to recover. The plaintiff did not ask leave to amend his declaration; and on the second trial the defendant made no objection until the evidence was all in, and then asked the trial judge to direct a verdict in his favor because of the variance between the proof and the declaration, the *same* state of facts being shown upon both trials. And it is held that it was the duty of the defendant to object to the declaration, either by way of demurrer or by objection to any evidence being received under it, and that on his raising the objection after the testimony was in, the court should have declared the declaration amended to meet the theory and evidence of the plaintiff, which he did, in effect, by allowing the case to go to the jury upon the unamended declaration, which will be considered as so amended in the appellate court.

Error to Marquette. (Grant, J.) Argued June 25, 1890. Decided October 10, 1890.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion, and in 76 Mich. 139.

*Ball & Hanscom,* for appellant.

*Hayden & Young,* for plaintiff.

MORSE, J. This case was before us at the June term, 1889, and will be found reported in 76 Mich. 139. We see no reason why the law of the case as there laid down should not be adhered to. The circuit judge, therefore, was right in holding the law of the case to be as declared

by Mr. Justice CHAMPLIN when the case was here before. The facts are so nearly identical with those shown in the record then before us that it becomes unnecessary to again set them forth, or to rediscuss the principles of law applicable to such facts. We shall not, therefore, notice further the main points relied upon in appellant's brief, as they have twice before been presented to us; once when the case was here before, and also again on an argument for rehearing.

There are two minor allegations of error based upon the admission of the testimony of one John Miller. Miller testified on a former trial, and his testimony was read on the last trial. In his evidence appeared the following:

"I heard the testimony of Johnson [the plaintiff] as to where his bucket was placed under the hatch. I should consider that was the proper place for the bucket to stand."

This was objected to on the ground that the testimony of Johnson to which he referred was not the testimony given on this trial, but on a previous trial. The objection was overruled. It is not claimed that Johnson's testimony on the last trial as to where he placed the bucket differed materially from his evidence on the other trial, to which Miller's testimony referred, but it is argued that the jury had no means of knowing what the testimony was that Miller referred to, and it was therefore error to admit it, as it stood in the case solely as Miller's judgment, without giving the jury the facts upon which such judgment was based. There is, however, a sufficient showing in this record from the examination and cross-examination of Johnson that his testimony as to the location of his bucket was identical on both trials. This answers the argument that there was error committed, as the jury did have the facts upon which Miller's opinion was based.

It is also assigned as error that this sentence was per-mitted to be read in Miller's evidence:

"I heard the testimony of Napoleon Berry that the chain used at the time Johnson was hurt was the same chain they had in 1886."

It is claimed that upon the last trial Berry testified, as he did, that he could not remember whether the chain that broke and injured Johnson was the chain used in 1886 or not, and therefore it would not have been com-petent for Miller, if present, to testify to what evidence Berry gave for the plaintiff as to this chain being used in 1886; that the reading of his former testimony, there-fore, was also incompetent. But, as Berry on the last trial himself testified that he gave such evidence on the former trial, we fail to see how the defendant could have been damaged by the reading of the same thing from Miller's testimony.

The objection that the facts proven do not support the allegation that the relation of master and servant existed between the plaintiff and defendant comes too late to be of any avail to the defendant. It was expressly held by this Court upon the same state of facts that the relation of master and servant did not exist between the parties; and the relations of the parties, the duty of the defend-ant, and the grounds upon which the plaintiff was entitled to recover, were plainly pointed out by this Court when the case was here before. If the plaintiff had asked to amend his declaration, as he should have done, the request would have been granted as a matter of course, and the trial proceeded without adjournment, as such amendment could not have been any surprise to the defendant. The plaintiff, however, failing to do this, it was the duty of the defendant to object to the declaration as it stood, either by way of demurrer or by objecting to any evi-dence being received under it. This the defendant did

not do.   Knowing what the claim was, and what it must
be under our opinion, he proceeded to trial, and failed
to raise the question until all the evidence was in, and
then asked the trial judge to direct a verdict in his favor,
because of the variance between the proof and the decla-
ration.   The court should have then and there permitted
an amendment, and declared the declaration amended in
this respect, to meet the theory and evidence of the plaint-
iff.   This he did, in effect, by ruling as he did that the
case might go to the jury upon the declaration.   We shall
consider it as amended, and affirm the judgment.   We
cannot countenance this way of attacking a declaration.

The judgment is affirmed, with costs.

CHAMPLIN, C. J., CAHILL and LONG, JJ., concurred.
GRANT, J., did not sit.